IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ERIC TANIGUCHI, A Living Atuaian Descendant, A John Doe of Our Independent Nation Government of Atuai, Indigenous, Inborn to My/Our First and Original Inhabitants, Our Ancestors With the Koko (Blood) Born Upon Our Homeland(s), The Island of Atuai (atooi) (Kauai), Oneeheow (niihau) and Paa Keia (papahanaumokuakea) the 2800 Nautical Miles of Northwestern Islands Adjoining and Attached for Two Milleniums;<br><br>            Plaintiff,<br><br>    vs.<br><br>The native Hawaiian office(s) of the attorney general, MARK BENNETT the leading enforcement officer and the leading representative of all registered business(s) to the British created native Hawaiian monarchial kingdom dba, the de facto state of Hawaii that has jurisdiction of the 1840 constitution for the hawaii rules of civil procedure for the hawaii revised statute under the British jack de facto state of hawaii flag, Only; O'CONNOR PLAYDON & GUBEN LLP represented by attorney's W. Thomas Fagan & Charles S. O'Neill, Jr. a native hawaiian business and native hawaiian attorney's represented by the office(s) of the native hawaiian | Civ. NO. 09-00117 SOM-KSC<br><br>ORDER GRANTING DEFENDANT O'CONNOR PLAYDON & GUBEN LLP'S MOTION TO DISMISS WITH LEAVE TO AMEND |

```
attorney general in civil no.    )
09-1-0040 filed within the       )
circuit court for the fifth      )
circuit state of Hawaii upon     )
the Island of Atuai (atooi)      )
(Kauai); JOHN DOES 1-10, JANE    )
DOES 1-10, DOE NATIVE            )
HAWAIIAN CORPORATIONS AND        )
LLC'S 1-10, DOE PARTNERSHIPS     )
1-10, DOE NATIVE HAWAIIAN        )
GOVERNMENT AGENCIES 1-10, DOE    )
NATIVE HAWAIIAN ENTITIES 1-      )
10;                              )
                                 )
              Defendants.        )
_____  )
```

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

I.      INTRODUCTION.

This matter arises out of allegations of fraud and racketeering against the Hawaii state government and others. On March 23, 2009, Plaintiff Eric Taniguchi filed this action, essentially seeking review of rulings in previous cases dismissing claims by him and other Native Hawaiians. The Complaint names the Hawaii Attorney General Mark Bennett and the Honolulu law firm of O'Connor Playdon & Guben LLP ("OPG") as defendants, generally alleging a governmental Racketeering Influenced and Corrupt Organizations Act ("RICO") violation and fraud.

OPG moves to dismiss, arguing (1) that Taniguchi did not effect proper service as required under applicable court rules, and (2) that the Complaint does not state a claim against

OPG.  Taniguchi has not filed an opposition to the motion to dismiss.  Pursuant to Local Rule 7.2(d), the court decides this matter without a hearing.

Because Taniguchi has failed to effect proper service on OPG and has failed to state a claim against OPG in the Complaint, the court DISMISSES the Complaint without prejudice. Taniguchi may amend his Complaint to state a claim against OPG, if he so chooses, and then effect proper service on the law firm.

II.     BACKGROUND FACTS.

According to the Complaint, Taniguchi is a descendent of the original indigenous people of the Hawaiian Islands.  In the caption of the Complaint, Taniguchi, appearing *pro se*, identifies himself as "A Living Atuaian Descendant, A John Doe of Our Independent Nation Government of Atuai, Indigenous, Inborn to My/Our First and Original Inhabitants, Our Ancestors With the Koko (Blood) Born Upon Our Homeland(s), . . . the 2800 Nautical Miles of Northwestern Islands Adjoining and Attached for Two Milleniums[.]"

The Complaint identifies the Hawaii Attorney General and OPG as defendants.  The Complaint is unclear as to OPG's relation to Taniguchi, as well as OPG's involvement in the present case and the related litigation discussed in the Complaint.  In fact, there is no mention at all of OPG in the Complaint, aside from the caption.

3

The facts of the case are somewhat unclear. Taniguchi appears to allege generally that the United States government as well as the state government are illegitimate because they illegally took control of the Hawaiian Islands from Native Hawaiians in 1893:

> I charge venue, jurisdiction and authority of this and all u.s. magistrates of this British created native hawaiian monarchial kingdom district of hawaii courtroom within the Iolani Palace grounds for the district of hawaii with **Malice**, by the constructive design of the scheduling 16 conference [Rule 16 scheduling conference] hearing and "memo" for corporate disclosure statement, with knowing intent to commit an illegal act against Me/We the Inherent Inborn Atuaian Descendant(s) of Our Ancestors the Chiefs and People, the First Original Inhabitants Born upon and still residing in Our Homeland(s), **With Fraud In This district of hawaii Court**, by fraudulently using the United States Flag displayed in this courtroom, to allow the British created native hawaiian monarchial kingdom 1840 constitution and its subsequent constitutions for its de facto state of hawaii circuit courts, district courts and hawaii supreme court, to change My/Our Atuaian Race to a native hawaiian within this kingdom, in a futile attempt to apply the hawaii rules of civil procedure and the hawaii revised statute to circumvent the United States Court Rules and Procedure of Comply to Compliance of an Article III United States District Court, an Article III United States Federal District Court and the Supreme Court of the United States that all have, legal venue, jurisdiction and authority to the Constitution of the United States and the United States Federal Rules of Civil Procedure under its standard, the United States Flag, for its United States Citizens and its United States Federal Citizens of the 48 contiguous American Republic Union States

>     within its boundaries upon the North American
>     Continent.

(Compl. at 2-3.)

In particular, Taniguchi points to Magistrate Judge Leslie E. Kobayashi's Findings and Recommendation that Case be Dismissed Without Prejudice in <u>Boiser v. Office of the Commandant of the U.S. Coast Guard</u>, No. 07-00525, 2008 WL 2547818 (D. Haw. June 6, 2008), as an illegal exercise of federal government power.  The Complaint later lists eight other cases that have been filed and dismissed by the allegedly "fraudulent native hawaiian district court[.]" (Compl. at 5.)  Taniguchi also references the so-called Apology Resolution, Joint Resolution to Acknowledge the 100th Anniversary of the January 17, 1893 Overthrow of the Kingdom of Hawaii, Pub. L. No. 103-150, 107 Stat. 1510 (1993), to support his argument that the federal government "acknowledges, admits, and accepts the 100th year anniversary of the **Crimes** of **Genocide** committed from Nov. 23, 1893, and for the **Crimes** of **Genocide** committed against the native hawaiian aboriginal people from Nov. 23, 1893 to prior to 1778 . . . ."  (Compl. at 3.)

From what the court can discern, Taniguchi asserts two claims for relief.  First, Taniguchi claims that the Hawaii Attorney General's Office operates as a RICO organization that fraudulently uses the United States military and Constitution to "conspire, to steal, to amend and/or change our identity and

culture by an egregious act to commit Genocide, for the past 116 years." (Compl. at 6.) The Complaint does not identify OPG's involvement in or relation to the alleged RICO organization.

Second, Taniguchi claims that the United States District Court for the District of Hawaii is a RICO organization and part of a conspiracy with the Hawaii Attorney General's Office to fraudulently administer the state constitution. Taniguchi says that the court commits fraud through "its failure to Comply to Compliance of Rules and Procedures for United States Article III Courts and/or Federal Courts, in its attempt to apply Federal Rules of Civil Procedure as a RICO operation." (Compl. at 7.) Again, the Complaint does not refer to OPG in this regard.

III.    MOTION TO DISMISS STANDARD.

   A.  Rule 12(b)(4)&(5)

Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process. Omni Capital Int'l, Ltd. v. Wolff & Co., 484 U.S. 97, 104 (1987). Rules 12(b)(4) and 12(b)(5) of Federal Rules of Civil Procedure allow for dismissal based on insufficient process and insufficient service of process, respectively. The burden is on the party claiming proper service to establish valid service. Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) (internal citations omitted); 5B Charles A. Wright & Arthur R.

Miller, Federal Practice and Procedure § 1353 (Civ. 3d ed. current through 2009) ("The great weight of the case law is to the effect that the party on whose behalf service has been made has the burden of establishing its validity."). The court may weigh the evidence and resolve disputed issues of fact in accordance with Rule 12(d). Federal Practice and Procedure § 1353. When the service of process is insufficient, the court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on the defendant. Cranford, 359 F. Supp. 2d at 984.

A Rule 12(b)(4) challenge attacks the form of the summons. A "Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." Federal Practice and Procedure § 1353. "Defects in the form of summons are considered technical and a dismissal is not proper unless the party can demonstrate actual prejudice." Omni Capital Int'l, Ltd., 484 U.S. at 104.

A Rule 12(b)(5) challenge concerns the service of the summons and complaint upon the defendants, and insufficient service may result in dismissal. To determine whether service of process was proper for purposes of both Rules 12(b)(4) and 12(b)(5), courts look to the requirements of Rule 4 of the Federal Rules of Civil Procedure. Federal Practice and Procedure

§ 1353; Gidding v. Anderson, No. C-07-04755 JSW, 2008 WL 4065814, at *1 (N.D. Cal. Aug. 27, 2008).  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."  Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988).  While Rule 4 is a flexible rule that should be liberally construed to uphold service so long as a party receives sufficient notice of the complaint, United Food & Commercial Workers Union, Local 197 v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements.  Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

      B.   Rule 12(b)(6)

Rule 12(b)(6) motions challenge the legal sufficiency of the claims asserted in the complaint.  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a claim that fails "to state a claim upon which relief can be granted."  Under Rule 12(b)(6), review is generally limited to the contents of the complaint.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended by 275 F.3d 1187 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).

On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996). A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). However, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences are insufficient to defeat a motion to dismiss. Sprewell, 266 F.3d at 988; Syntex Corp. Sec. Litig. v. Syntex Corp., 95 F.3d 922, 926 (9th Cir. 1996).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984)). A motion to dismiss may also be granted if an affirmative defense or other bar to relief is apparent from the face of the complaint. Imbler v. Pachtman, 424 U.S. 409 (1976).

IV.   ANALYSIS.

   A.   Taniguchi Did Not Serve OPG Under Rule 4.

OPG argues that Taniguchi did not properly effect service in accordance with the Hawaii and Federal Rules of Civil

9

Procedure.  First, OPG notes that Taniguchi did not attach a summons to the Complaint, thus violating Rule 4(c), which provides that "[a] summons must be served with a copy of the complaint.  The Plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."  Fed. R. Civ. P. 4(c)(1).  The contents required in a summons are enumerated in Rule 4(a)(1) and include the "name of the court and the parties," the "time within which the defendant must appear," and "the court's seal."  See also Fed. R. Civ. P. 4(b) (requiring clerk's signature and seal on summons).

As far as the court can discern, Taniguchi's Complaint, filed with the court on March 23, 2009, did not include a summons.  Taniguchi attached a one-page "Certificate of Service" to the end of the Complaint, but there does not appear to be a summons or other document that contains the information required by Rule 4(a)(1).  This is consistent with OPG's statement in its Memorandum in Support of Motion to Dismiss that "[n]o such document was attached to the Complaint received by OPG."

Second, OPG argues that Taniguchi did not effect proper personal service because the Complaint was sent via the U.S. Postal Service.  Rule 4(h) provides, in relevant part, that an entity must be served either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent,

10

or any other agent authorized by law to receive service of process and . . . also by mailing a copy of each to the defendant," or by the manner set forth in Rule 4(e)(1).  Fed. R. Civ. P. 4(h); see Direct Mail Specialists, Inc., 840 F.2d at 688 ("Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable, and just to imply the authority on his part to receive service.").  Rule 4(e)(1) in turn states that "an individual . . . may be served in a judicial district of the United States by (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"  Fed. R. Civ. P. 4(e)(1).  Rule 4(d)(3) of the Hawaii Rules of Civil Procedure states that service shall be made in a manner similar to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure, which provides for personal service on an officer or agent of the entity.

Personal service requires delivery by a sheriff or similar official.  See Haw. Rev. Stat. § 634-21.  Service by regular mail is ineffective.  Larsen v. Mayo Med. Ctr., 218 F.3d 863, 868 (8th Cir. 2000).

It appears that Taniguchi's Complaint was sent to OPG via regular mail.  The Certificate of Service states that OPG and the State were served "a copy of this documentation by United

11

States mail, by United States Parcel Service (USPS)." The record contains no proof of service or other evidence of personal service. OPG states that it received the Complaint via priority mail. Nor is there evidence of a Rule 4(d) waiver of service or any indication that OPG did or would waive service.

The court accordingly agrees with OPG that Taniguchi's service of process was ineffective given (1) Taniguchi's failure to attach a summons to the Complaint, and (2) the lack of personal service on OPG. However, these are technical deficiencies that Taniguchi may be able to rectify in accordance with the appropriate court rules. See Omni Capital Int'l, Ltd., 484 U.S. at 104; Cranford, 359 F. Supp. 2d at 984.

      B.   Taniguchi Does Not State a Claim as Required by Rule 8.

OPG next argues that Taniguchi did not state a claim against OPG in the Complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (internal citations omitted). The Complaint must, however, plead "enough facts to state a claim for relief that is plausible on its face."

Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1122 (9th Cir. 2008).

Taniguchi's Complaint does not appear to state a claim against OPG.  OPG's role in Taniguchi's alleged injury is unclear.  Indeed, OPG is never mentioned in the body of the Complaint.  Rather, Taniguchi's two claims seem directed against the state and the United States District Court for the District of Hawaii.  Without more information, it is impossible for OPG to defend against the claim and for this court to understand the allegations.  Taniguchi accordingly has failed to assert a claim against OPG.  His Complaint lacks both a cognizable legal theory and sufficient facts under a cognizable legal theory.

      C.   Recusal is Unwarranted in this Case.

It is unclear whether Taniguchi is also bringing suit against this court.  In case he is, this court examines whether it must recuse under 28 U.S.C. § 455(a).  Recusal is not required if sought based on "prior rulings in the proceeding, or another proceeding, solely because they were adverse."  Clemens v. U.S. Dist. Court for the Cent. Dist. Of Cal., 428 F.3d 1175, 1178-79 (9th Cir. 2005) (quoting Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995)).  A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require."  Clemens, 428 F.3d at 1179 (quoting Nichols, 71 F.3d at 351).  In other words, Taniguchi's claim that the

13

court has previously denied his and others' similar petitions does not warrant recusal.

Additionally, frivolous or imaginary claims against a judge are not grounds for recusal: "[j]udges must not recuse themselves for imaginary reasons; judge shopping should not be encouraged." Murray v. Scott, 253 F.3d 1308, 1313 (11th Cir. 2001). "[A] judge . . . should not recuse himself on unsupported, irrational, or highly tenuous speculation. If this occurred the price of maintaining the purity of the appearance of justice would be the power of litigants or third parties to exercise a veto over the assignment of judges." United States v. Greenough, 782 F.2d 1556, 1558 (11th Cir. 1986). The court thus far finds Taniguchi's claims frivolous and irrational. The court does not even have the power to take the actions alleged by Taniguchi. Taniguchi's claim, if asserted against the court, is frivolous and not grounds for recusal.

V.      CONCLUSION.

The court DISMISSES the Complaint against OPG without prejudice. Taniguchi may amend his Complaint with a properly stated claim against OPG in accordance with court rules and may effect personal service on OPG in accordance with Rule 4, within the time period permitted by Rule 15. The Clerk of Court shall serve a copy of this order on (1) Mark J. Bennett, Attorney General, State of Hawaii, 425 Queen Street, Honolulu, Hawaii,

96813; (2) Kelvin H. Kaneshiro & Charles S. O'Neill, Jr., O'Connor Playdon & Guben LLP, 24th Floor, Makai Tower, 733 Bishop Street, Honolulu, Hawaii 96813; and (3) Eric Taniguchi, P.O. Box 1142, Kapaa, Hawaii 96746.

This order leaves for further adjudication all claims against Defendant Mark Bennett.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 15, 2009.



　　　　　　/s/ Susan Oki Mollway
　　　　　　Susan Oki Mollway
　　　　　　United States District Judge

Taniguchi v. Bennett, et al., Civil No. 09-00117 SOM-KSC; ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND.